

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,713-01

**EX PARTE CARLOS SANTANA GARCIA, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. A-03-1086-S-W-1 IN THE 51ST DISTRICT COURT
## FROM TOM GREEN COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and sentenced to thirty years' imprisonment. The Third Court of Appeals affirmed his conviction. *Garcia v. State*, No. 03-05-00278-CR (Tex. App.—Austin July 7, 2006) (not designated for publication).

In thirteen grounds, Applicant contends that trial counsel was ineffective. The trial court recommended that we dismiss this application as noncompliant because Applicant failed to follow instruction seven on the 11.07 form and made legal arguments in the space for six of his grounds on

the 11.07 form. If an applicant does make legal arguments, neither instruction seven nor Rule of Appellate Procedure 73.1(c) requires him to make legal arguments in a separate memorandum. An application filed under Article 11.07 of the Code of Criminal Procedure will not be dismissed as noncompliant solely because an applicant makes legal arguments in the space for his grounds on the 11.07 form.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may order trial counsel to file a second response to Applicant's ineffective assistance of counsel claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether trial counsel's conduct was deficient and Applicant was prejudiced. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: May 8, 2019
Do not publish